AO 472 (Rev. 3/86) Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v

RICHARD WARREN TICE
_____/

CASE NO: 09-30294

MAGISTRATE JUDGE CHARLES E. BINDER

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I find that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense:

    **X**    for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980; and

    **X**    under 18 U.S.C. § 924(c).

(2) The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, arguing that the presumption in favor of detention applies. I concur in this argument since the Defendant faces more than 10 years potential custody for violation of the Controlled Substances Act. I must therefore consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142(g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically crack cocaine, and the illegal possession of a weapon. From the testimony adduced at this hearing, I find there is probable cause supporting the charges against the Defendant.

As to § 3142(g)(3), I find that the Defendant is currently 40 years of age, was previously married and is the father of two children. Information developed by Pretrial Services indicates that the a Defendant has resided in Clare County for substantially all his life. Between May and September of 2008, the Defendant was employed at an asphalt company, but was laid off. Prior to that time, the Defendant worked at a tire shredding business in Montrose. The Defendant has also done odd jobs in roofing and carpentry.

During his interview with Pretrial Services, the Defendant conceded that cocaine is his first drug of choice, and has been using it since he was 24 years old. He also stated that he has abused alcohol, and started using marijuana at the age of 13. Initial urinalysis was positive for marijuana, even though the Defendant had, by that time, been incarcerated for two weeks. This fact indicates that the Defendant was a heavy and persistent user of marijuana. The Defendant also conceded that he has used methamphetamine in the past.

Pretrial Services reports there is an active warrant against the Defendant that was issued in September 2008 from Saginaw County for failure to appear in a child-support

matter. The Assistant United States Attorney represents that Defendant was a fugitive on these charges.

In February, 1989, the Defendant was charged with breaking and entering, and was convicted of felony malicious destruction of a building. He served 28 days in jail and was placed on three years probation. In October, 1995, the Defendant was charged with felony delivery of a controlled substance. He pled guilty and was sentenced to 90 days in jail, 48 months probation and fines. In 1997 a probation violation warrant was issued against him. The Defendant pled guilty and it appears that his probation was extended. Subsequently, another probation violation warrant was issued to which he pled guilty in 2002 and was sentenced to 90 days in jail. In December 1996, the Defendant was charged with operating under the influence in Genesee County. He pled guilty to impaired driving and a review of state records by Pretrial Services indicate that the Defendant was considered a probation absconder. In January 2000, the Defendant was charged with possession of methamphetamine and habitual offender - second offense. He pled guilty to the methamphetamine charge and was sentenced to 114 days confinement. State records reviewed by the Pretrial Services officer indicate that state authorities again considered the Defendant a probation absconder. In April and September 2004, the Defendant was charged with controlled substances offenses by state authorities in Flint. These charges included delivery of over 50 grams of cocaine, resisting arrest, fleeing a police officer and possession with intent to distribute cocaine, as well as felony firearms charges. Defense counsel correctly notes that all of these charges were nolle prosequed. While such charges ordinarily are not factors for consideration under the Bail Reform Act, testimony elicited during this hearing indicates that the charges may have been dropped as a result of cooperation with a federal agency on the part of the Defendant. Such cooperation indicates to me a belief on the part of the Defendant that there was a definite weight of evidence against him on these charges. In April 2008, the Defendant was charged with various misdemeanor traffic

3

offenses, including improper use of license plates. He pled guilty to those charges and served a brief period of incarceration , paid fines and was given a term of probation.

The Defendant was arrested on these charges as a result of a traffic stop conducted by the Michigan State Police on a vehicle in which the Defendant was a passenger. When asked to give identification, Defendant used his brother's name, who has no criminal record.

As I review the facts presented at this hearing under the standards set forth in the Bail Reform Act, I first find that the Defendant is a heavy and persistent user of illegal controlled substances. I further find that the Defendant has a consistent history of both use and dealing controlled substances. At least seven circuits and a number of district courts all have held that such a pattern constitutes a *per se* danger to the community. *United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 ((7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, 238 F.3d 426, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, 82 F.3d 415, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996) *United States v. Arroyo-Reyes*, 32 F.3d 561, No. 94-1535, 1994 WL 440654, *3 (1st Cir. (Puerto Rico) Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico, 2008); *United States v. Thomas*, No. 2008-0020, 2008 WL 2557997, *4, 2008 WL 2557997 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007) *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

Defense counsel proposes a third-party custodian arrangement involving a friend of the Defendant. While from her testimony it is clear that she is motivated to undertake the responsibilities required of the third-party custodian, I conclude that in light of the Defendant's persistent drug use and his consistent pattern of dealing in illegal controlled substances, as well as his repeated failures to appear, it would be inappropriate to impose on this individual the risks inherent in such a responsibility.

For all these reasons, I find that the presumption in favor of detention has not been rebutted on the evidence presented. I further find that even if it had, on these facts there are no conditions nor any combination of conditions I could set which would reasonably assure the safety of the community or the Defendant's appearance as required. Accordingly, the Government's motion to detain will be granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                                 s/ *Charles E. Binder*
                                                 CHARLES E. BINDER
Dated: July 13, 2009                           United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Norman Donker and Elias Escobedo, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: July 13, 2009                         By     s/*Jean L. Broucek*
                                                 Case Manager to Magistrate Judge Binder